**People of the State of Illinois, Plaintiff-Appellee, v. George Bassett, Defendant-Appellant.**

**Gen. No. 51,811.**

First District, Second Division.

October 22, 1968.

Gerald W. Getty, Public Defender of Cook County, of Chicago (James J. Doherty, Marshall J. Hartman, Assistant Public Defenders, and Professor James R. Thompson, Northwestern University of Law, of counsel), for appellant.

John J. Stamos, State's Attorney of Cook County, of Chicago (Elmer C. Kissane, Assistant State's Attorney, of counsel), for appellee.

MR. JUSTICE McNAMARA delivered the opinion of the court.

Defendant, George Bassett, along with Jerry Betts, was indicted for armed robbery in violation of Ill Rev Stats (1963), c 38, § 18–2. Both men were tried together. Betts was tried by a jury, while defendant waived a jury and received a bench trial. Both were found guilty of the crime charged, and defendant was sentenced to a period

of three to five years in the Illinois State Penitentiary. He appeals that judgment and sentence. His sole assignment of error is that remarks made by counsel for both defendants in making a pretrial motion on behalf of Betts for severance from the defendant carried with them such a prejudicial import of guilt that it was impossible for him to receive a fair trial.

The facts adduced at the trial are set out in detail in our companion opinion (see People v. Betts, 101 Ill App2d 322 (1968)) and it is not necessary to repeat them here.

The pertinent portions of the pretrial motion for severance and the accompanying discussion are as follows:

> DEFENSE COUNSEL (Representing Both Defendants): "Judge, at this time I would like to make a motion on behalf of the Defendant, Jerry Betts for a severance from the Defendant, George Bassett and I am asking leave to make this motion orally. I did not prepare a written motion and I ask the State's Attorney to waive a written motion."

> STATE'S ATTORNEY: "We will waive it."

> DEFENSE COUNSEL: "Bearing in mind the basic rule in requesting a severance, it is within the formal discretion of the Court, the fair play rule that the defendant be entitled—be given a fair trial. I think there would be some question as to whether or not the defendant Jerry Betts could get a fair trial if he were tried with his codefendant George Bassett and I think that the—I can apprise your Honor with the case, I think the evidence will reveal that Betts' involvement in the case or his implication in this case stems from and because of the codefendant George Bassett."

> DEFENDANT BASSETT: "I object."

DEFENSE COUNSEL: "I am the lawyer here. Be quiet. I am talking to the Court now.

"Now, during the course of the investigation of the charge of armed robbery against the defendant Bassett, there was an interview or a conversation with a police officer who was assigned to investigate this case. And during their discussion, there were allegations or references to the defendant Bassett. At that time, the substance of the conversation was that Bassett said that there was a possibility that Betts was involved in this robbery; that Bassett possibly had—Betts possibly had a second car—second pair of keys to the car which was allegedly used in the robbery. And that because of this, of course, that the police officers continued to make their investigation and implicated Betts in the robbery. This is the reason."

THE COURT: "I don't know whether the statement is admissible, one against the other, outside of his presence. You intend to use any such statement?"

STATE'S ATTORNEY: "I don't know. These are statements that counsel has discovered in his investigation."

DEFENSE COUNSEL: "Well, they are in the police report and it is what this police report shows. That's how he is involved. Of course, there is a question of identification."

THE COURT: "I don't know if those statements would be admissible, Bassett against Betts outside of Betts' presence."

. . . DEFENSE COUNSEL: "According to the information which I think is contingent in the police report, Bassett labeled Betts as being involved in this robbery. He says he possibly participated in this

robbery and he tells why he thinks he participated in this robbery and because of this, the police make an investigation, continue their investigation and because of that, they apprehend him.

"I think it certainly would be a question of whether or not the defendant Betts would get a fair trial because of it, that he was—that as a result of the conversation or the result of the investigation, he is related by Bassett to the police. I don't think he is."

THE COURT: "I don't think that that would be admissible."

"You intend to use any such statements of that nature, gentlemen?"

STATE'S ATTORNEY: "Judge, let me say that I don't see how there would be any conflicting defense. Our file indicates that both defendants denied their participation in the crime."

DEFENSE COUNSEL: "That wouldn't make any difference."

STATE'S ATTORNEY: "I don't see how you can use one defendant's denial, 'I didn't do it, but he did it.'"

THE COURT: "All right. You will not use it. Motion for a severance denied."

After denial of the motion for severance, trial commenced. No statements made by defendant were introduced during the course of the trial.

Defendant concedes that denial of the motion for severance was proper. However, he contends that the statements made by his own counsel on a motion for severance had a substantial effect on the trial court's verdict. He argues that the manner in which his counsel presented de-

fendant's statements made it seem as though defendant had confessed the crime and had implicated Betts. He further contends that the trial court could only believe that defendant's own attorney thought him to be guilty; and that consequently, the judge could not give him a fair trial. We do not agree.

Counsel's statement made in behalf of his motion for severance in effect claimed that there was information in the file that defendant had denied committing the crime while implicating Betts. We are puzzled as to how such a statement would lead a trial judge to believe defendant guilty or even to believe that counsel thought him to be guilty of the crime charged. During the colloquy, the State's Attorney indicated that both men denied participation in the robbery, and characterized defendant's statement as: "I didn't do it, but he did it." We believe that to have been a fair summation of counsel's argument regarding defendant's alleged statement on the motion for severance. No possible prejudice could have occurred to defendant as a result of that argument. Counsel's conduct throughout the trial was commendable, and defendant received a fair trial and more than adequate representation.

Accordingly, the judgment of the Circuit Court is affirmed.

Judgment affirmed.

BURKE, P. J. and LYONS, J., concur.